UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLENE A BURKETT, SHONNON MORSON,<br><br>    Defendants. | CAUSE NO. 3:20-CV-601-RLM-MGG |

OPINION AND ORDER

Joshua Taylor, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

Mr. Taylor, now housed at Wabash Valley Correctional Facility, alleges that he was stabbed on February 23, 2018, while he was housed at the Miami Correctional Facility. He claims he wasn't given proper medical care after this incident, and that he later complained to Charlene Burkett, ombudsman for the Indiana Department of Correction, about the lack of care. He alleges that Ms. Burkett investigated and was told by Shonnon Morson, the grievance officer at Miami Correctional Facility, that records showed Mr. Taylor had received medical care on February 28, 2018. Mr. Taylor alleges that this was a lie. He claims that he told Ms. Burkett to look at the surveillance video from that date to show that he didn't leave his cell, but she declined to do so. He claims that when Ms. Burkett "refused to do her job she violated my rights[.]" (ECF 1 at 4.) He further

alleges that Ms. Morson mishandled the grievance he filed with the warden about his medical care. He seeks monetary damages against Ms. Burkett and Ms. Morson "to make sure a full investigation is done next time." (*Id.* at 5.)

Mr. Taylor signed his complaint on July 15, 2020, and it was electronically filed with this court on July 17, 2020. (ECF 1 at 1, 6.) The underlying events he describes occurred in February and early March 2018.[1] Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. O'Gorman v. City of Chicago, 777 F.3d 885, 889 (7th Cir. 2015). It is apparent that Mr. Taylor was aware of his injuries, and their cause, immediately when they occurred. Because he tendered his complaint for filing more than two years later, the complaint is untimely. The statute of limitations ordinarily is an affirmative defense, but when it's clear from the face of the complaint that the action is untimely, dismissal at the pleading stage is appropriate. *See* O'Gorman v. Chicago, 777 F.3d at 889; Cancer Found., Inc. v. Cerberus Capital Mgmt., LP, 559 F.3d 671, 674 (7th Cir. 2009). That describes this case.

---

[1] Mr. Taylor makes one reference to "2-23-20," but this appears to be a scriveners error, because he makes clear elsewhere that he was stabbed on February 23, 2018, and that he needed medical care immediately after that incident. (ECF 1 at 3, 4.) Mr. Taylor filed a separate lawsuit against other staff at MCF related to the lack of medical care he received after the February 23, 2018, stabbing incident. *See Taylor v. Hamrick*, 3:19-cv-1021-DRL-MGG. He was recently granted leave to proceed on claims against several defendants in that case. (ECF 17.)

Assuming Mr. Taylor could overcome the statute of limitations bar, his allegations wouldn't state a plausible constitutional claim. He alleges that the defendants mishandled the grievances and complaints he filed after this incident, but that wouldn't give rise to a constitutional claim. Daniel v. Cook Cty., 833 F.3d 728, 736 (7th Cir. 2016). The Constitution doesn't require that prisons provide a grievance procedure at all, nor does the existence of an internal complaint procedure create any constitutionally guaranteed rights. *Id.* Mr. Taylor doesn't allege, and there is no plausible basis to infer, that the defendants' actions somehow contributed to his injury or prevented him from getting needed medical care. He is simply unhappy with the quality of the investigation they conducted.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). It appears unlikely that Mr. Taylor can overcome the statute of limitations barrier if given another chance to plead his claims, or that he could allege a plausible constitutional claim against either defendant, consistent with the allegations he has already made. But in the interest of justice, the court will allow him to amend his complaint if, after reviewing this court's order, he believes that he can state a timely and viable claim for relief against these defendants. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court GRANTS the plaintiff until **September 4, 2020**, to file an amended complaint if he so wishes. If Mr. Taylor doesn't respond

by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on August 6, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
